1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SERGIO RAMIREZ-MARTINEZ,                    Case No.  1:24-cv-00911-KES-BAM

12              Plaintiff,                        FINDINGS AND RECOMMENDATIONS
                                                  REGARDING CROSS-MOTIONS FOR
13        v.                                      SUMMARY JUDGMENT

14   COMMISSIONER OF SOCIAL                       (Docs. 13, 16)
     SECURITY,
15                                                FOURTEEN-DAY DEADLINE
                Defendant.
16

17                            **Findings and Recommendations**

18                                    **INTRODUCTION**

19        Plaintiff Sergio Ramirez-Martinez ("Plaintiff") seeks judicial review of a final decision of

20   the Commissioner of Social Security ("Commissioner") denying his application for disability

21   insurance benefits under Title II of the Social Security Act.  The matter is currently before the

22   Court on the parties' briefs, which were submitted without oral argument, to Magistrate Judge

23   Barbara McAuliffe for the issuance of findings and recommendations.

24        Having considered the briefing and record in this matter, the Court finds that the decision

25   of the Administrative Law Judge ("ALJ") is not supported by substantial evidence as a whole and

26   is not based upon proper legal standards.  Accordingly, it will be recommended that Plaintiff's

27   motion for summary judgment be granted, the Commissioner's cross-motion for summary

28   judgment and request to affirm the agency's determination to deny benefits be denied, and that

                                                1

1    judgment be entered in favor of Plaintiff Sergio Ramirez-Martinez.

2                        **FACTS AND PRIOR PROCEEDINGS**

3          Plaintiff filed an application for disability insurance benefits on July 12, 2021.  AR 306-

4    08, 309-10.[1]  Plaintiff alleged he became disabled on October 12, 2020, due to epilepsy.  AR 369.

5    Plaintiff's application was denied initially and on reconsideration.  AR 107-10, 112-16.

6    Subsequently, Plaintiff requested a hearing before an ALJ, and following a hearing, ALJ Joyce

7    Frost-Wolf issued an order denying benefits on February 18, 2024.  AR 16-32.  Thereafter,

8    Plaintiff sought review of the decisions, which the Appeals Council denied, making the ALJ's

9    decision the Commissioner's final decision.  AR 1-5.  This appeal followed.

10            **Relevant Hearing Testimony and Medical Record**

11          The relevant hearing testimony and medical record were reviewed by the Court and will

12    be referenced below as necessary to this Court's decision.

13            **The ALJ's Decision**

14          On February 18, 2024, using the Social Security Administration's five-step sequential

15    evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security

16    Act.  AR 16-32.  Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful

17    activity since October 12, 2020, the alleged onset date.  AR 24.  The ALJ identified the following

18    severe impairment:  refractory seizure disorder.  AR 25.  The ALJ determined that Plaintiff did

19    not have an impairment or combination of impairments that met or medically equaled any of the

20    listed impairments.  AR 25.  Based on a review of the entire record, the ALJ found that Plaintiff

21    retained the residual functional capacity ("RFC') to perform a full range of work at all exertional

22    levels but with the following nonexertional limitations:  could occasionally climb ramps and

23    stairs, but could never climb ladders, ropes, or scaffolds; could not perform balancing on slippery,

24    uneven, or narrow surfaces; could not work around heavy machinery, with fast moving parts or at

25    unprotected heights; and must avoid work in environments with extreme heat.  AR 26-30.  With

26    this RFC, the ALJ determined that Plaintiff was unable to perform any past relevant work, but

27

28    [1] References to the Administrative Record will be designated as "AR," followed by the
     appropriate page number.

                                         2

1  there were other jobs in the national economy that Plaintiff could perform, such as patient

2  transporter, bartender helper, and childcare attendant.  AR 30-32.  The ALJ therefore concluded

3  that Plaintiff had not been under a disability from October 12, 2020, through the date of the

4  decision.  AR 32.

5                                    **SCOPE OF REVIEW**

6          Congress has provided a limited scope of judicial review of the Commissioner's decision

7  to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations,

8  this Court must determine whether the decision of the Commissioner is supported by substantial

9  evidence.  42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla,"

10  *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v.*

11  *Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a

12  reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at 401.

13  The record as a whole must be considered, weighing both the evidence that supports and the

14  evidence that detracts from the Commissioner's conclusion.  *Jones v. Heckler*, 760 F.2d 993, 995

15  (9th Cir. 1985).  In weighing the evidence and making findings, the Commissioner must apply the

16  proper legal standards.  *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This

17  Court must uphold the Commissioner's determination that the claimant is not disabled if the

18  Commissioner applied the proper legal standards, and if the Commissioner's findings are

19  supported by substantial evidence.  *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d

20  509, 510 (9th Cir. 1987).

21                                          **REVIEW**

22          In order to qualify for benefits, a claimant must establish that he or she is unable to engage

23  in substantial gainful activity due to a medically determinable physical or mental impairment

24  which has lasted or can be expected to last for a continuous period of not less than twelve months.

25  42 U.S.C. § 1382c(a)(3)(A).  A claimant must show that he or she has a physical or mental

26  impairment of such severity that he or she is not only unable to do his or her previous work, but

27  cannot, considering his or her age, education, and work experience, engage in any other kind of

28  substantial gainful work which exists in the national economy.  *Quang Van Han v. Bowen*, 882

1    F.2d 1453, 1456 (9th Cir. 1989).  The burden is on the claimant to establish disability.  *Terry v.*

2    *Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

3                                **DISCUSSION**[2]

4          Plaintiff argues that the RFC is not supported by substantial evidence because the ALJ

5    rejected the opinions of the treating neurologist, Dr. Isabelo S. Artacho.  (Doc. 13 at 3-13.)

6    Plaintiff also argues that the ALJ failed to provide clear and convincing reasons for rejecting

7    Plaintiff's symptomology evidence.  (Doc. 13 at 13.)

8          **A.  Medical Opinion**

9          Plaintiff contends that the ALJ harmfully erred "by rejecting the [opinions] of the treating

10   specialist neurologist, Dr. Artacho, [and] finding . . . them 'not persuasive.'"  (Doc. 13 at 5.)

11         Because Plaintiff applied for benefits after March 27, 2017, his claim is governed by the

12   agency's newer regulations concerning how an ALJ must evaluate medical opinions.  20 C.F.R. §

13   404.1520c.  Under these regulations, the Commissioner does "not defer or give any specific

14   evidentiary weight, including controlling weight, to any medical opinion(s) or prior

15   administrative medical finding(s), including those from [a claimant's] medical sources."  20

16   C.F.R. § 404.1520c(a).  The Commissioner evaluates the persuasiveness of the medical opinions

17   based on the following factors: (1) supportability; (2) consistency; (3) relationship with the

18   claimant; (4) specialization; and (5) other factors, such as "evidence showing a medical source

19   has familiarity with the other evidence in the claim or an understanding of our disability

20   program's policies and evidentiary requirements."  20 C.F.R. § 404.1520c(c)(3)(1)-(5).

21   Supportability and consistency are the most important factors.  20 C.F.R. § 404.1520c(b)(2).

22   Supportability means the extent to which a medical source supports the medical opinion by

23   explaining the "relevant ... objective medical evidence." 20 C.F.R. § 404.1520c(c)(1); *see also*

24   *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).  Consistency means the extent to which a

25   medical opinion is "consistent ... with the evidence from other medical sources and nonmedical

26   ─────────────────

      [2] The parties are advised that this Court has carefully reviewed and considered all of the briefs,
27   including arguments, points and authorities, declarations, and/or exhibits.  Any omission of a
      reference to any specific argument or brief is not to be construed that the Court did not consider
28   the argument or brief.

                                         4

1    sources in the claim." 20 C.F.R. § 404.1520c(c)(2); *Woods*, 32 F.4th at 792.

2              Ninth Circuit case law preceding the new regulations afforded deference to the medical

3    opinions of treating and examining physicians.  Indeed, prior to the current regulations, the Ninth

4    Circuit required ALJs to provide clear and convincing or specific and legitimate reasons for

5    rejecting the medical opinions of treating or examining physicians.  These standards of

6    articulation no longer apply in light of the new regulations.  As explained by the Ninth Circuit in

7    *Woods*:

8              The revised social security regulations are clearly irreconcilable with our caselaw
         according special deference to the opinions of treating and examining physicians
9         on account of their relationship with the claimant. *See* 20 C.F.R. § 404.1520c(a)
         ("We will not defer or give any specific evidentiary weight, including controlling
10        weight, to any medical opinion(s) ..., including those from your medical
         sources."). Our requirement that ALJs provide "specific and legitimate reasons"
11        for rejecting a treating or examining doctor's opinion, which stems from the
         special weight given to such opinions, *see Murray*, 722 F.2d at 501–02, is
12        likewise incompatible with the revised regulations. Insisting that ALJs provide a
         more robust explanation when discrediting evidence from certain sources
13        necessarily favors the evidence from those sources—contrary to the revised
         regulations.

14

15   *Id.* at 792.  The Ninth Circuit has clarified that "under the new regulations, an ALJ cannot reject

16   an examining or treating doctor's opinion as unsupported or inconsistent without providing an

17   explanation supported by substantial evidence." *Id.* at 792. "The agency must 'articulate ... how

18   persuasive' it finds 'all of the medical opinions' from each doctor or other source, 20 C.F.R. §

19   404.1520c(b), and 'explain how [it] considered the supportability and consistency factors' in

20   reaching these findings, *id.* § 404.1520c(b)(2)." *Id.*

21              According to the record, Dr. Artacho provided three separate opinions, each of which was

22   summarized and evaluated by the ALJ.  AR 28-30.  Relevant here, Plaintiff challenges the ALJ's

23   evaluation of two opinions rendered by Dr. Artacho on October 4, 2023, one regarding Plaintiff's

24   physical limitations and one regarding Plaintiff's mental limitations.  (Doc. 13 at 5.)

25              In a physical medical source statement issued on October 4, 2023, Dr. Artacho identified

26   Plaintiff's diagnoses as complex partial seizures and tonic clonic seizures.  AR 607.  Dr. Artacho

27   indicated that with complex partial seizures, Plaintiff gets "very disoriented/confused/wanders

28   around/unresponsive/does not remember event." *Id.*  With tonic clonic seizures, Plaintiff has

1    "body stiffness/body jerking/unresponsive." *Id.* Dr. Artacho identified clinical findings during

2    seizures as follows:   "He is confused/disoriented/he does not respond/he is 'spacy'/'zones

3    out'/cannot talk." *Id.* Dr. Artacho reported that Plaintiff is on multiple antiseizure medications

4    without significant improvement, he has been tried on multiple medications without good

5    success, and he has side effects of drowsiness and dizziness from his medications. *Id.* Dr.

6    Artacho opined that Plaintiff could walk one city block without rest or severe pain. AR 607. He

7    could sit for one hour at one time, stand for 30 minutes at one time, could sit about 4 hours total

8    in an 8-hour working day, and could stand/walk about 4 hours total in an 8-hour working day.

9    Plaintiff would need to shift positions at will, would need periods of walking every 60 minutes for

10    15 minutes each time, and would need to take unscheduled breaks every 3 hours for one hour on

11    average due to chronic fatigue and adverse side effects of medication. AR 608. Dr. Artacho also

12    opined that Plaintiff could occasionally lift 10 pounds and could occasionally twist, stoop (bend),

13    crouch/squat, and climb stairs, but could never climb ladders. AR 609. Dr. Artacho additionally

14    opined that Plaintiff likely would be off task 25% or more of a typical workday, would be absent

15    from work more than four days per month, and would be incapable of even "low stress" work

16    because any form of stress "triggers his seizures." *Id.* Dr. Artacho explained, "Psychological

17    stress and physical stress like physical work and exertion as well as temperature extremes like

18    heat and lack of sleep are big triggers to his seizures." AR 610.

19    In a mental residual functional capacity questionnaire dated October 4, 2023, Dr. Artacho

20    opined that Plaintiff's mental limitations would interfere with every category of understanding

21    and memory, concentration and memory, social interaction, and adaption for 10% of an eight-

22    hour workday. AR 611-12. In addition, Dr. Artacho opined that Plaintiff would be absent from

23    work five days or more per month and would be unable to complete an 8-hour workday five days

24    or more per month. AR 613. Dr. Artacho explained that during or after Plaintiff's epileptic

25    seizures, Plaintiff has reduced intellectual functioning as he becomes forgetful and confused. AR

26    613.

27    The ALJ concluded that Dr. Artacho's October 4, 2023 opinions were "not persuasive,"

28    and considered the relevant factors of supportability and consistency. AR 29-30. As to

6

1    supportability, the ALJ found that Dr. Artacho's opinions were "unsupported by his own

2    treatment records showing unremarkable physical examinations and no referrals for additional

3    treatment."  AR 29 (citing AR 2F/10 [AR 487], 14 [AR 491], 17 [AR 494]); *see* 20 C.F.R. §

4    404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations

5    presented by a medical source are to support his or her medical opinion(s) . . . the more

6    persuasive the medical opinions . . . will be.").

7          The ALJ's explanation regarding this factor is not supported by substantial evidence.

8    Although the ALJ references unremarkable physical examinations, he cites records for only three

9    treatment visits in 2020, despite at least three years of medical records from Dr. Artacho from

10   2020 through 2023.  *See* AR 471-73 (8/3/2021), 478-96 (8/6/2020 - 4/20/2021), 516-22

11   (11/30/2021 – 1/17/2022), 525-32 (5/16/2022), 588-606 (8/12/2022 - 10/2/2023).  Moreover, of

12   the three cited treatment records, one includes an abnormal ambulatory EEG and an increase in

13   Plaintiff's medication (AR 491), while another evidences a "partial seizure" during the treatment

14   visit lasting about 1½ minutes with Plaintiff having no recollection of the event (AR 494).  The

15   third record, for a treatment visit on October 22, 2020 (*see* AR 487), included an advisement from

16   Dr. Artacho, not cited by the ALJ, that Plaintiff "stop working . . due to possible risks at the

17   workplace."  AR 488.  And while the ALJ correctly notes that there were no referrals for

18   additional treatment, it is unclear what additional referrals the ALJ anticipated from Plaintiff's

19   treating neurologist.  The cited records reflect that Plaintiff underwent an ambulatory EEG and

20   was referred for an MRI.  AR 491.

21         As to consistency, the ALJ found that Dr. Artacho's opinions were "inconsistent with the

22   overall evidence of record, including a seizure questionnaire completed by the claimant on

23   September 9, 2021 reporting improvement with prescribed medication, progress notes indicating

24   the condition to be stable, and recent treatment records noting that the claimant's seizures last for

25   only a few minutes after which he recovers quickly (6E/2 [AR 384]; 11F/5 [AR 592], 14 [AR

26   601] .)"  AR 29, 30; *see* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) .

27   . . is with the evidence from other medial sources and nonmedical sources in the claim, the more

28   persuasive the medical opinion(s) . . . will be.").

7

1    As with supportability, the ALJ's explanation is not supported by substantial evidence.

2   Relevant here, the only evidence cited from "other medical and nonmedical sources" is a

3   disability questionnaire in which Plaintiff indicated that the frequency of his seizures was reduced

4   by medications (AR 384).  However, that same record included Plaintiff's report that he has daily

5   seizures, which are described to include loss of consciousness, blank staring, change in facial

6   expression, lip smacking/chewing/swallowing, and repetitive gestures or utterances (AR 383).

7   This single questionnaire is not substantial evidence.

8    The ALJ also cites Dr. Artacho's own treatment records (AR 592, 601), which speak to

9   the *supportability* of the opinion, and not its *consistency* with evidence from other medical and

10   nonmedical sources in the record.  In other words, the ALJ appears to conflate the supportability

11   and consistency factors by mixing reference to records from Dr. Artacho (AR 592, 601, Exhibit

12   11/F) with "other evidence" in the record. The Court finds that this is error.  *See Schmitzer v.*

13   *O'Malley*, No. 1:22-CV-1038 JLT BAM, 2024 WL 4345772, at *7 (E.D. Cal. Sept. 30, 2024)

14   (finding ALJ erred by conflating the supportability and consistency factors because the ALJ

15   mixed references to the opinion provider's treatment records with other evidence in the record).

16   The Court also finds that the ALJ's error is not harmless.  *See Tomassetti v. Astrue*, 533 F.3d

17   1035, 1038 (9th Cir. 2008) (identifying "harmless error ... exists when it is clear from the record

18   that the ALJ's error was inconsequential to the ultimate nondisability determination") (internal

19   quotation marks and citation omitted).

20    Here, the cited treatment records indicate that in September 2022, Plaintiff's seizures were

21   "currently stable – the same," but were triggered by stress and by physical activities (AR 601).

22   The cited treatment records also indicate that in August 2023, Plaintiff was experiencing about 3-

23   4 seizures per month lasting 3-4 minutes on average and he recovered quickly from the seizures,

24   (AR 592).  Even if credited, these treatment records do not undermine Dr. Artacho's opinion that,

25   among other things, Plaintiff would be absent from work more than four days per month and

26   would be incapable of even "low stress" work because any form of stress "triggers his seizures."

27   AR 609.  In fact, the VE testified that there would not be any work for an individual that misses

28   two days of work per month.  AR 58.  The August 2023 treatment record also does not undermine

1    Dr. Artacho's opinion that, for example, Plaintiff has side effects from his medications, which

2    would require him to take unscheduled breaks every 3 hours for one hour on average due to

3    chronic fatigue and adverse side effects of medication.  AR 608.  The VE testified that there

4    would be no work for an individual requiring additional breaks.  AR 58.

5         Based on the above, the Court finds that the ALJ committed reversible error in his

6    evaluation of the medical opinion evidence from Dr. Artacho.

7    **B.  Remedy**

8         Given the identified error, the Court must decide the appropriate remedy.  The decision

9    whether to remand for further proceedings or order an immediate award of benefits is within the

10   Court's discretion. *See Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Unless "the

11   record has been fully developed and further administrative proceedings would serve no useful

12   purpose," remand for further proceedings is warranted. *Garrison*, 759 F.3d at 1020.  Here, the

13   record is not fully developed, and because it is not clear that "further administrative proceedings

14   would serve no useful purpose," remand for further proceedings is appropriate. *Id.*; *see also*

15   *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the

16   decision of the Commissioner of Social Security, with or without remanding the cause for a

17   rehearing, but the proper course, except in rare circumstances, is to remand to the agency for

18   additional investigation or explanation.") (internal quotes and citations omitted).

19        Having found that remand is warranted, the Court declines to address Plaintiff's remaining

20   argument regarding the evaluation of his subjective testimony, which can be addressed, as

21   necessary, on remand.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we

22   remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative

23   ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F.Supp.2d 1147, 1153 n.7

24   (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which

25   would provide plaintiff with any further relief than granted, and all of which can be addressed on

26   remand."); *Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990) ("Because we remand for

27   reconsideration of step three, we do not reach the other arguments raised.").

28   ///

**CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence in the record as a whole and is not based on proper legal standards. Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's motion for summary judgment (Doc. 13) be granted.

2. The Commissioner's cross-motion for summary judgment and request to affirm the agency's decision (Doc. 16) be denied.

3. The Clerk of the Court be directed to enter judgment in favor of Plaintiff Sergio Ramirez-Martinez, and against Defendant Commissioner of Social Security.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). **Within fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 17, 2025**                   /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

10